FILED'10 AUG 26 14:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **KEVIN ROTH,** | Case Number CV 09-3089-CL |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;** and **AG FORMULATORS, INC.,** | |
| Defendants. | |

Clarke, Magistrate Judge:

## INTRODUCTION

Plaintiff Kevin Roth ("Roth") is a participant in the Ag Formulators, Inc. Long Term Disability Plan, which is insured by Defendant The Prudential Insurance Company of America ("Prudential"). Plaintiff Roth brings this action for unpaid long term disability benefits under the Employee Retirement Income Security Act of 1973 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e)(f).

Plaintiff Roth filed this motion for Partial Summary Judgment (#16) to resolve the applicable standard of review for Defendant Prudential's denial of disability benefits to Plaintiff.

Report & Recommendation 1

For the reasons set forth below, this court grants Plaintiff's motion and determines the applicable standard of review is de novo.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then

Report & Recommendation 2

shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## FACTUAL BACKGROUND

Plaintiff Roth was until May 2003 employed by Defendant Ag Formulators, Inc. ("Ag Formulators") and was a participant in a fully-insured employee welfare benefit plan, the Ag Formulators, Inc. Long Term Disability Plan, covered under ERISA, 29 U.S.C. § 1002(1) ("the Plan"). Defendant Ag Formulators is the sponsor of the Plan within the meaning of ERISA, 29 U.S.C. § 1002 (16)(B) and the Plan administrator pursuant to 29 U.S.C. § 1002(16)(A). Defendant Prudential is the insurer for the Plan. Plaintiff collected long-term disability benefits under the Plan until Defendants terminated his benefits effective December 31, 2007. Defendants determined that Plaintiff Roth was no longer disabled under the Plan. Plaintiff brings this action to challenge the termination of benefits by Defendants.

Report & Recommendation 3

The parties agree that the Plan documents include two Group Insurance Certificates and two Group Insurance Contracts. The parties dispute whether two ERISA Statements are part of the Plan documents. The following language is at issue in this motion:

Each Group Insurance Contract provides: "Prudential will provide or pay the benefits described in the Group Insurance Certificate(s) listed in the Schedule of Plans of the Group Contract, subject to the Group Contract's terms." (Stein Decl. ¶¶ 7-8 & Ex. 2 at 1 (D0122), Ex. 3 at 1 (D0978));

Each Group Insurance Contract provides:

> The entire Group Contract consists of: (1) the Group Insurance Certificate(s) listed in the Schedule of Plans, a copy of which is attached to the Group Contract; (2) all modifications and endorsements to such Group Insurance Certificates which are attached to and made a part of the Group Contract by amendment to the Group Contract; (3) the forms shown in the Table of Contents as of the Contract Date; (4) the Contract Holders application, a copy of which is attached to the Group Contract; (5) any endorsements or amendments to the Group Contract; and (6) the applications of the Included Employers and the individual applications, if any, of the persons insured. . . .

(Stein Decl. ¶¶ 7-8 & Ex. 2 at 10 (D0131), Ex. 3 at 10 (D0987));

In the section of the Group Insurance Certificates titled "How Long Will Prudential Continue to Send You Payments?," the Certificates state that benefits will terminate and Prudential will stop sending payments when the claimant "fail[s] to submit proof of continuing disability satisfactory to Prudential." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 16-17, Ex. 4 at 17 (D1015); Defs. Ex. 1 (D1015));

Each ERISA Statement provides on its first page or cover page: "This ERISA Statement is not part of the Group Insurance Certificate." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 31, Ex. 4 at

Report & Recommendation 4

31 (D1029); Defs. Ex. 2 (D1029));

Each ERISA Statement provides in pertinent part: "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 32; Ex. 4 at 32 (D1030); Defs. Ex. 2 (D1030).

## ANALYSIS

A denial of benefits governed by ERISA is given de novo review unless the plan documents--in unambiguous terms--grant discretion to the plan administrator or fiduciary to determine eligibility for benefits or to interpret the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Abatie v. Alta Health & Life Ins. Co. 458 F.3d 955, 962-64 (9th Cir. 2006) (en banc) (granting power to interpret plan terms *and* to make final benefits determinations confers discretion on plan administrator) (and cases cited). If such discretionary authority is clearly provided, then the denial is evaluated by an abuse of discretion standard. Abatie, 458 F.3d at 963. The plan administrator has the burden of proving the discretion standard is provided for by the plan documents. Thomas v. Or. Fruit Prods. Co., 228 F.3d 991, 994 (9th Cir. 2000); Schwartz v. Prudential Ins. Co. of Am., 450 F.3d 697, 699-700 (7th Cir. 2006). ERISA plan ambiguities are construed in favor of the insured. Thomas, 228 F.3d at 994.

The abuse of discretion standard of review "does not permit the overturning of a decision where there is substantial evidence to support the decision, that is, where there is 'relevant

evidence [that] reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.'" Snow v. Standard Ins. Co., 87 F.3d 327, 332 (9th Cir. 1996), overruled on other grounds by Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999) (en banc) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)). "In the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion." Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan, 410 F.3d 1173, 1178 (9th Cir. 2005) (quoting Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1472-73 (9th Cir. 1993), abrogated on another ground by Abatie, 458 F.3d 955). The court is limited to consideration of the evidence reviewed by the plan administrator at the time the decision was made. Taft, 9 F.3d at 1471.

In contrast, under a de novo standard of review, no deference by the court is given to the plan administrator's decision, and "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits . . . ." Abatie, 458 F.3d at 963.

Defendants rely on the "satisfactory to Prudential" language and the ERISA Statements to argue that the abuse of discretion standard applies in this case. Plaintiff contends the Plan language is not unambiguous as made clear by Ninth Circuit law and that the ERISA Statements are not Plan documents.

**The de novo review standard applies to Defendants' denial of benefits to Plaintiff Roth**

1. The "satisfactory to Prudential" language relied upon by Defendants does not unambiguously grant discretion to interpret Plan terms

The Plan provides that benefits will terminate when the claimant "fail[s] to submit proof

Report & Recommendation 6

of continuing disability satisfactory to Prudential." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 16-17, Ex. 4 at 17 (D1015); Defs. Ex. 1 (D1015)). Defendants contend that this language unambiguously grants discretion in the Plan administrator. This court disagrees. It is true that "there are no 'magic' words that conjure up discretion on the part of the plan administrator." Abatie, 458 F.3d at 963. However, the Ninth Circuit in Sandy v. Reliance Standard Life Insurance Co., 222 F.3d 1202, 1207 (9th Cir. 2000), held that, in order for a plan administrator's decision to be reviewed for abuse of discretion, the "plan documents [must] unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the plan." Sandy, 222 F.3d at 1207. Otherwise, review is de novo. Id.

Defendants rely in large part on Helm v. Sun Life Assurance of Canada, Inc., 34 Fed. Appx. 328, 331 (9th Cir. 2002), which is an unreported case. In Green v. Sun Life Assurance, Inc., 383 F. Supp.2d 1224, 1228 (C.D. Cal. 2005), the court rejected Helms as binding authority in the Ninth Circuit that a "satisfactory proof" clause confers discretion. The Green court pointed out that the Ninth Circuit in Thomas, 228 F.3d 991, supra, had determined that the "statement that 'proof must be satisfactory to the insurer' [the same language at issue in Helms] only 'arguably' confers discretion" and, therefore, was not unambiguous. Green, 383 F. Supp.2d at 1228. Therefore, the de novo standard of review applied. Id. The Ninth Circuit used this same reasoning in Feibusch v. Integrated Device Technology, Inc. Employee Benefit Plan, 463 F.3d 880 (9th Cir. 2006), where the court, citing Sandy, stated, "'Neither the parties nor the courts should have to divine whether discretion is conferred. It either is, in so many words, or it isn't.'" Id. at 883 (quoting Sandy, 222 F.3d at 1207). The Feibusch court, in rejecting that a "satisfactory proof" clause conferred discretion, emphasized language in Ingram v. Martin Marietta Long

Report & Recommendation 7

Term Disability Income Plan for Salaried Employees of Transferred GE Operations, 244 F.3d 1109, 1113-14 (9th Cir. 2001):

> If an insurance company seeking to sell and administer an ERISA plan wants to have discretion in making claims decisions, it should say so. It is not difficult to write, "The plan administrator has discretionary authority to grant or deny benefits under this plan." . . . [i]t is easy enough to confer discretion unambiguously if plan sponsors, administrators, or fiduciaries want benefits decisions to be reviewed for abuse of discretion.

Feibusch, 463 F.3d at 883-84. The court noted with approval the Second Circuit's "persuasive analysis of similar policy language":

> [T]he phrase "proof satisfactory to [the decision-maker]" is an inadequate way to convey the idea that a plan administrator has discretion. Every plan that is administered requires submission of proof that will "satisfy" the administrator. . . . [T]he administrator's burden to demonstrate insulation from *de novo* review requires either language stating that the award of benefits is within the discretion of the plan administrator or language that is plainly the functional equivalent of such wording. . . . [C]ourts should require clear language and decline to search in semantic swamps for arguable grants of discretion.

Id. at 884 (quoting Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 252 (2d Cir. 1999). The Feibusch court also cited Thomas, 228 F.3d at 994, where the court held that ERISA policy ambiguities must be construed in favor of the insured. See also, Thomas, 228 F.3d at 993-95; Sandy, 222 F.3d at 1203-08; Newcomb v. Standard Ins. Co., 187 F.3d 1004, 1005-06 (9th Cir. 1999); Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089-90 (9th Cir. 1999) (en banc); Thivierge v. Hartford Life & Accident Ins. Co., No. C 05-0163 CW, 2006 WL 823751, at *10 (N.D. Cal. Mar. 28, 2006), where the courts found that "satisfactory proof" clauses did not establish discretion.[1] This court agrees with Judge Stewart who, in McHenry v. PacificSource

---

[1] Defendants also cite Mazet v. Halliburton Co. Long Term Disability Plan, 366 Fed. Appx. 839, 840-41 (9th Cir. 2010), for the proposition that, to confer discretion, the "reading of the language at issue must still be the "the [sic] *only* reasonable reading." Again, this case is

Report & Recommendation 8

Health Plans, 643 F. Supp.2d 1236 (D. Or. 2009), summed up Ninth Circuit law on this issue by stating, "The Ninth Circuit has one of the most stringent standards to determine whether language unambiguously grants discretionary authority. Unlike some other circuits, it sees 'great value in clarity.'" Id. at 1243 (quoting Sandy, 222 F.3d at 1206). Judge Stewart found that the following language did not grant discretion:

> "PacificSource 'may adopt policies, procedures, rules and interpretations to promote orderly and efficient administration of this agreement'";
>
> PacificSource may "exercise its 'judgment' regarding exclusions for procedures or treatments deemed experimental, investigational, or not medically necessary";
>
> PacificSource is granted "the 'final authority' in preauthorization determinations and case management decisions"; and
>
> "'PacificSource has the right to pay benefits for supplemental services not otherwise covered by this policy when [certain] conditions are met . . . Payment of benefits for supplemental services as at the sole discretion of PacificSource . . . ."

Id. Judge Stewart found that "No wording in this Policy, either in sum or substance, unambiguously grants the power to PacificSource to determine eligibility, to interpret the Plan's terms and to make binding benefits determinations, unlike other plan provisions held by the Ninth Circuit to confer such discretion," and de novo review applied. Id. (citing Sandy, 222 F.3d at 1205-06). In contrast, the following are examples of cases in which the Ninth Circuit found

---

unpublished and may not be regarded as precedent. Further, as Plaintiff points out, the Mazet court did not conclude that the policy language that the insurer "reserve[d] the right to determine if your proof of loss is satisfactory" was not "'the *only* reasonable reading'" of the provision but, noting cases with similar language, found the provision ambiguous.

Report & Recommendation 9

the requisite clarity of language to find the abuse of discretion standard of review applied: Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1142 (9th Cir. 2002) (administrator granted the "'power'" and "'duty'" to "'interpret the plan and to resolve ambiguities, inconsistencies and omissions'" and to "'decide on questions concerning the plan and the eligibility of any Employee'"); Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1159 (9th Cir. 2001) (administrator had "'full, final, conclusive and binding power to construe and interpret the policy under the plan [and] to make claims determinations'").

The needed clarity is simply not present in this case. This court finds the language "satisfactory to Prudential" only arguably confers discretion and is, therefore, not unambiguous. See Feibusch, 463 F.3d at 884.

2. The ERISA Statements attached to the Certificates of Insurance are not Plan documents and therefore cannot provide the required language to invoke the abuse of discretion standard of review

Defendants contend that the ERISA Statements attached to the Certificates of Insurance provide the needed discretionary language. The Statements provide in pertinent part as follows: "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 32; Ex. 4 at 32 (D1030); Defs. Ex. 2 (D1030)).

Defendants have the burden to establish that the ERISA Statements are Plan documents in order to rely on them to support an abuse of discretion standard of review. See Besser v.

Report & Recommendation 10

Prudential Insurance Co. of Am., Civil No. 07-00437 SOM/BMK, 2008 WL 4483796, at *2 (D. Haw. Sept. 30, 2008).

> The Group Insurance Contracts specifically define what constitutes a Plan document:
>
>> The entire Group Contract consists of: (1) the Group Insurance Certificate(s) listed in the Schedule of Plans, a copy of which is attached to the Group Contract; (2) all modifications and endorsements to such Group Insurance Certificates which are attached to and made a part of the Group Contract by amendment to the Group Contract; (3) the forms shown in the Table of Contents as of the Contract Date; (4) the Contract Holders application, a copy of which is attached to the Group Contract; (5) any endorsements or amendments to the Group Contract; and (6) the applications of the Included Employers and the individual applications, if any, of the persons insured. . . .

(Stein Decl. ¶¶ 7-8 & Ex. 2 at 10 (D0131); Ex. 3 at 10 (D0987)). In sum, the Plan consists of the Group Insurance Contracts, the Group Insurance Certificates, and any amendments. The ERISA Statements specifically state on the front covers: "This ERISA Statement is not part of the Group Insurance Certificate." (Stein Decl. ¶¶ 6, 9 & Ex. 1 at 31; Ex. 4 at 31 (D1029); Defs. Ex. 2 (D1029)). The ERISA Statements are not listed in the forms shown in the Group Insurance Contracts' Table of Contents as of the Contract Date. (Stein Decl. ¶¶ 7, 8 & Ex. 2 at 2 (D0123), Ex. 3 at 2 (D0979)). Neither ERISA Statement is listed in the Group Insurance Contracts' Schedule of Plans. (Stein Decl. ¶¶ 7, 8 & Ex. 2 at 15-16 (D0136-D0137), Ex. 3 at 15-16 (D0992-D0993)). There is no evidence in the record that the ERISA Statements, which are not signed, are amendments to the Plan or are, in any other way, incorporated into the Plan.

Defendants rely on three Ninth Circuit district court cases for the proposition that ERISA Statements can provide the unambiguous language needed to establish an abuse of discretion standard of review. This court is not persuaded by this authority. In Horton v. Phoenix Fuels,

Report & Recommendation 11

Co., 611 F. Supp.2d 977, 985-86, 989 (D. Ariz. 2009), the court found that language in an ERISA Statement was sufficient to establish an abuse of discretion standard of review. However, the court specifically pointed out in footnote 7 that the court did not consider whether the ERISA Statement was a plan document because plaintiff there had not raised the issue. Id. at 985. In Ruthorford v. Scene 7 Inc. Long Term Disability Plan, C 07-06426 WHA, 2008 WL 2788191, at *3-*4 (N.D. Cal. July 18, 2008), the court only focused on whether the language in an ERISA Statement conferred discretion and not whether the Statement was a plan document. The parties further stipulated to a de novo review standard. Similarly, the court in Fulayter v. Prudential Insurance Co. of America, No. CV06-1435-PCT-NVW, 2007 WL 433580, at *3, *10 (D. Ariz. Feb. 6, 2007), cited the language in an ERISA Statement presented by Prudential and, since plaintiff conceded that the standard of review was abuse of discretion, applied that standard.

This court agrees with other courts which, after full and careful analysis, have found ERISA statements were not Plan documents under similar facts. In particular, this court agrees with the analysis by the court in Besser v. Prudential Insurance Co. of America, 2008 WL 4483796, at *2, *5, supra. There, Prudential relied on language in the ERISA Statement which was identical to that provided in the ERISA Statement in this case, supra. The ERISA Statement also included a disclaimer that "The ERISA Statement is not part of the Group Insurance Certificate," as here, supra. The policy at issue in Besser included an integration clause stating which documents made up the policy and which did not specifically incorporate the ERISA Statement into the policy, as is the case here. The court found that Prudential had not met its burden of demonstrating that the ERISA Statement was part of the Certificate of Coverage so as

Report & Recommendation 12

to be a plan document and, therefore, held that de novo review applied.

In making its determination, the Besser court relied on Gingras v. Prudential Insurance Co. of America, No. 06 C 2195, 2007 WL 1052500, at *5-*6 (N.D. Ill. Apr. 4, 2007). The ERISA Statement at issue in Gingras included a provision similar to that in Besser and this case which stated that "'[t]he decisions of the Claims Administrator shall not be overturned unless arbitrary and capricious.'" Id. at *5. However, because the ERISA Statement there stated that it was "not part of the Group Insurance Certificate," and was not a plan document and could not be the source of the discretionary review claimed, the court found that the de novo standard of review applied. Id. at *6.

Finally, Defendants contend that the ERISA Statements, although not so titled, should be treated as Summary Plan Descriptions ("SPD") mandated by 29 U.S.C. § 1022 and, therefore, are sufficient to confer discretion. Plaintiff contends that the ERISA Statements do not meet the listed criteria for an SPD and, even if they did, they cannot establish discretion as they conflict with the silence of the Plan documents. This court agrees with Plaintiff.

"'The SPD is the statutorily established means of informing participants of the terms of the plan and its benefits.'" Pisciotta v. Teledyne Indus. Inc., 91 F.3d 1326, 1329 (9th Cir. 1996) (quoting Alday v. Container Corp. of Am., 906 F.2d 660, 665 (11th Cir. 1990)). To constitute an SPD, the documents must contain the following under ERISA:

> (1) the name and type of administration of the plan; (2) the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; (3) the name and address of the administrator; (4) names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); (5) a description of the relevant provisions of any applicable

Report & Recommendation 13

> collective bargaining agreement; (6) the plan's requirements respecting eligibility for participation and benefits; (7) a description of the provisions providing for nonforfeitable pension benefits; (8) circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; (9) the source of financing of the plan and the identity of any organization through which benefits are provided; (10) the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; (11) the procedures to be followed in presenting claims for benefits under the plan; and, (12) the remedies available under the plan for the redress of claims which are denied in whole or in part.

Pisciotta, 91 F.3d at 1329 (citing 29 U.S.C. § 1022(b)). Here, other than identifying Defendant Prudential as the claims administrator and providing its address, and arguably providing the remedy of an appeal in the event of an adverse claims determination, neither ERISA Statement includes the required information about the terms of the Plan or its benefits so as to qualify as an SPD.

Moreover, as discussed supra, the integration clause does not include the ERISA Statement in the Plan documents. And, even if considered to be an SPD, which is a summary of plan terms, Defendants do not point to any amendment to the contract providing for the discretionary authority Defendants claim is included in the Plan. See Grosz-Salomon, 237 F.3d at 1161-62 (finding invalid revised benefit summary provision conferring discretion on insurance company where policy not amended in conformance with policy provisions and policy purported to be fully integrated) (cited by Seventh Circuit in Schwartz, 450 F.3d at 699). This court agrees with the Seventh Circuit's statement in Schwartz, 450 F.3d at 699-700:

> The SPD is a document which the administrator must provide to participants pursuant to 29 U.S.C. §§ 1022 and 1024. It is not the subject of negotiation. Information in the SPD must be provided in a manner "calculated to be understood by the average participant." § 1022. Without casting aspersions on Prudential, we note that the implication of § 1022 is that the SPD will be an accurate summary, not an unnegotiated enlargement of the administrator's

Report & Recommendation 14

> authority. Were we to say the SPD controlled in this situation, we would be-to use an apropos cliche-allowing the tail to wag the dog.

See McHenry, 643 F Supp.2d at 1242-43 (and cases cited); Spangberg v. Pepsi Bottling Group Long Term Disability Plan, No. 05-C-703-C, 2006 WL 1529659, at *10-*11 (W.D. Wis. May 30, 2006) (de novo review warranted where discretionary language appeared in summary but policy was silent; noting majority of cases addressing issue favor plaintiff's position that absence of discretionary language in policy trumps language in summary on principle that "the policy sets the terms of the relationship between the plan and the participants and the summary cannot expand the plan's authority") (and cases cited); Clark v. Bank of New York, 801 F. Supp. 1182, 1190 (S.D.N.Y. 1992) ("Although a plan summary may expand employees' rights when the summary conflicts with the plan itself, no court has found that a plan summary can expand the plan administrator's authority.").

## CONCLUSION

Defendants have not met their burden of showing that Plan documents confer discretion such that the abuse of discretion standard applies in this case. Accordingly, the de novo standard of review should be utilized in considering Plaintiff's claim.

## RECOMMENDATION

Based on the foregoing, Plaintiff's motion for partial summary judgment (#16) should be granted.

Report & Recommendation 15

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by September 13, 2010. If objections are filed, any response to the objections are due by September 30, 2010,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of August 2010.

_____
MARK D. CLARKE
United States Magistrate Judge

Report & Recommendation 16